## WILLIAM H. RAYNOR v. REEVES E. SELMES.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.)

Upon a mortgage foreclosure, the premises having been sold, the title to the property proved defective by reason of the owners of the equity of redemption not being made defendants; thereupon the sale was vacated by order of the court, and a second ⸀sale ordered after bringing in the proper parties.. The referee who made the first sale returned, to the purchaser, all of the deposit made at that sale, excepting his fees and expenses.

*Held*, it not appearing that the plaintiff or his attorneys were guilty of negligence in not making the proper parties, the purchaser upon the first sale was entitled to be refunded, out of the surplus moneys arising on the second sale, the balance unpaid him upon his deposit, with inte· rest thereon, and the· amount paid by him for services of counsel and official searches in investigating the title.

*So ordered*, however, without prejudice to a motion by the owner of the equity of redemption, to compel the plaintiff to refund such moneys.

*Morris* v. *Mowatt* (2 Paige, 586) held applicable and followed.

The rules governing the rights of purchasers and of referees upon sales under·judgments of mortgage foreclosure, where the title is defective. stated by INGRAHAM, P. J,

THIS was·an action for the foreclosure of a mortgage.

A decree of foreclosure was made on the 30th of March, 1872, and on the 20th April, 1872, the premises were sold by Gratz Nathan, referee, to Henry Welsh; the purchaser paid the referee $390, being ten per cent of the purchase· money, and fifty dollars auctioneer's fee, making in all $440. The purchaser rejected the title, on the ground that Shepherd F. Knapp, as receiver, &c., the owner of the equity of redemption, was not·made a party to the suit, and demanded

Raynor *v.* Selmes.

from the referee the moneys paid him. The referee retained out of said moneys $198 for his fees and expenses.

The purchaser also expended eighty-six dollars and forty-eight cents for searches, and the services of his counsel for searching the title of the property were worth seventy-five dollars.

Subsequently, the judgment of foreclosure was vacated on motion of the plaintiff *ex parte,* and the proceedings amended by making Shepherd F. Knapp, receiver, the owner of the equity of redemption, a party, a new judgment of foreclosure entered, the property resold and purchased by the plaintiff.

The surplus in the hands of the referee on the second sale was $1,200.

The purchaser, under the first sale, thereupon moved for an order directing the referee, under the second sale, to pay him out of the surplus $198, retained by the referee under the first sale, eighty-six dollars and forty-eight cents expended for searches, and seventy-five dollars counsel fee.

The motion was denied and this appeal is brought from the order denying that motion.

Present—Ingraham, P. J., Brady and Learned, JJ.

Ingraham, P. J. Where the title to premises sold under foreclosure of a mortgage proves defective, there can be no doubt but that the purchaser is entitled to a return of the ten per cent paid by him on the purchase; as well as the expenses he has been put to in examining the title and interest on his deposit. The money paid to the referee is so paid as a deposit to insure the completion of the contract, and the referee has no right to use it for the expenses until the sale is completed. The referee has no claim on it for his expenses or fees, and must return it to the purchaser in full. He, however, is not liable for the auctioneer's fees or interest. They must be obtained in some other way. Where the defect in the title existed previous to the foreclosure, and the property is afterward sold subject thereto, if there should be

a surplus, there is no reason why such expenses and interest should not be paid out of the surplus money. The fault is not chargeable either to the purchaser or the plaintiff. In such a case the expenses of the first sale of the purchaser should be paid in the first instance out of the purchase-money on the second sale. The purchaser is protected because he cannot receive what was agreed to be sold, and the referee should be protected because, as an officer of the court, he has been acting under its direction.

Where, however, the defect in the title is caused by the negligence of the plaintiff or his attorney, there is some doubt as to the propriety of throwing such expenses on the owner of the equity of redemption.

In *Morris* v. *Mowatt* (2 Paige, 586), which case the justice who made the order appealed from said was not applicable, the defect was in omitting to make judgment creditors parties, and in consequence the lien of the judgments remained.

The chancellor discharged the purchaser and ordered the costs and expenses to be paid out of the surplus. He said, " as all parties have acted in perfect good faith in relation to this sale, the expenses must be paid out of the fund hereafter to be raised if a second sale takes place." If no other way is provided for the payment, the charge must fall on the complainant personally.

In the present case the defect was in not making the receiver of the bank a party. The equity of redemption was in him as receiver. No reason is given why he was not made a party. Probably when the action was commenced his appointment was unknown.

I see no difference in these cases. It was necessary that an application to the court should be made to add these parties, and, if so, the plaintiff should have been required to pay these costs as a condition of allowing the amendment. If the order was *ex parte*, the defendant should have moved the court to make such payment a condition of the amendment. If we follow the case in 2 Paige, this motion should have

been granted, and the referee's expenses and those of the purchaser over and above the deposit should be paid out of the surplus moneys.

If the receiver thinks the plaintiff should pay these expenses he may move the court for such an order. That relief cannot be given on this motion.

The order should be reversed and the motion granted, with costs, and without prejudice to a motion by the receiver to compel the plaintiff to refund such moneys, if he is so advised.

Order reversed.